[Crim. No. 1118. First Appellate District, Division Two.—March 11, 1924.]

## THE PEOPLE, Respondent, v. JOHN ORTIZ, Appellant.

[1] CRIMINAL LAW — ASSAULT — SELF-DEFENSE—CROSS-EXAMINATION— ILLUSTRATION OF TESTIMONY.—In this prosecution for assault with a deadly weapon, in which the defendant was convicted of simple assault, the defendant having testified that he entered the room (in which the prosecuting witness and defendant's wife were located) with no weapon in his hands and that the prosecuting witness rushed at him with a knife, whereupon he (defendant) pulled his pocket-knife out of his pocket, opened it and cut the prosecuting witness in self-defense, it was proper cross-examination for the district attorney to request defendant to illustrate to the jury the manner in which he took from his pocket and opened the small pocket-knife with which the prosecuting witness was cut.

[2] ID. — COLLATERAL ISSUES — EVIDENCE. — In such prosecution, the record having been clear that defendant cut the prosecuting witness, and the question for the jury having been whether or not defendant did so in self-defense, the question of whether or not defendant had written threatening letters was a collateral issue

---

1. See 8 Cal. Jur. 79; 8 R. C. L. 181.

and the action of the trial court striking out evidence bearing on that issue did not warrant a reversal of the judgment of conviction.

(1) 32 Cyc., p. 603 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

Oscar Hudson for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment and order denying his motion for a new trial after a conviction of simple assault upon an information charging defendant with assault with a deadly weapon.

The facts appearing from the record are substantially as stated by the appellant. On August 16, 1922, the defendant saw his wife leave their home in San Francisco, California, and take a street-car going to the waterfront. Defendant is a stevedore by occupation and had left his home in the morning ostensibly to go to his work, but instead of doing so he had placed himself in a position where he could watch his home. In an automobile he followed his wife to the Ferry Building in San Francisco and saw her meet Albert Donaso and proceed with said Donaso back to her home. Defendant then went to the police station and asked the aid of the police to have Donaso ejected from his home, but was informed that it would be necessary for him to secure a warrant before the police department could aid him. Defendant then left the police station, went directly to his home, and, finding the front door locked, went around to the window of his bedroom, broke a pane of glass, opened the window and entered his home. He found his wife, her aunt, and Donaso drinking wine together in the kitchen while they were preparing food for their lunch. When the defendant entered the kitchen the two women fled from the house and defendant and Donaso engaged in a struggle in which Donaso was repeatedly cut with a pocket-knife.

The first objection made by the appellant is that the court erred in sustaining the objection of the district attorney to a question asked by counsel for defendant of the witness Donaso, as to where he first met the wife of defendant on the day of the assault. At the place in the record to which we are referred by appellant we find that the question was answered without objection, the following appearing: "Q. Where did you first meet Mrs. Ortiz on that day? A. Down to the wharf—on the Vallejo boat wharf." The next question asked was: "Q. Who was with her, if anyone?" An objection was sustained to this question. The materiality of the question is not apparent to us, but, nevertheless, the jury was informed upon the question of who accompanied Mrs. Ortiz to the Ferry Building by the testimony of her husband, who stated that he saw his wife leave the house with her baby and take the street-car to the waterfront.

The next objection made by appellant is that the court sustained an objection to a question asked of Mrs. Carion, an aunt of Mrs. Ortiz, as to why she ran from the house when she saw the defendant enter. We do not find that any objection was made to this question and the answer to the same appears in the record presented to us.

[1] Complaint is made to the action of the trial court in overruling the objection of counsel for defendant to the request of the district attorney that the defendant illustrate to the jury the manner in which he took from his pocket and opened the small pocket-knife with which Donaso was cut. We think the request was a proper one upon cross-examination under the facts of this case. The defendant had testified that he cut Donaso in self-defense; that he entered the room with no weapon in his hands and that Donaso rushed at him with a knife, whereupon he pulled his pocket-knife out of his pocket, opened it and cut Donaso in self-defense. As a test of the witness' ability to hastily take the knife from his pocket and open it during the struggle between the two men, the district attorney asked him to repeat the act of drawing the knife from his pocket and opening it for the jury. We think this was proper upon cross-examination in view of the defense offered by the defendant.

[2] The record contained testimony by Donaso that Mrs. Ortiz had come to the wharf to meet him because she wished

to tell him of a letter which Ortiz had written to his sister, threatening the life of Donaso. Another witness, the aunt of Mrs. Ortiz, stated that she had run out of the house when Ortiz entered it because he had written a letter to his mother-in-law stating that he would come around there some time. Later the mother-in-law was placed upon the witness-stand and asked if she had received a letter from Ortiz threatening violence against either Donaso or Mrs. Ortiz. She replied that she never had received such a letter. Objection was made to the relevancy of the testimony and the court ordered the same stricken out. The appellant now urges that error was committed in this ruling, as the evidence stricken out would tend to prove that there was no such letter as that testified to by Donaso and the aunt of Mrs. Ortiz and that the story was a fabrication. If the fact of whether the mother of Mrs. Ortiz had or had not received such a letter had any bearing upon the question of defendant's guilt, it was a remote bearing. The record is clear that the defendant cut Donaso with a knife. The question for the jury was whether or not he had done so in self-defense. Whether or not the defendant had also written threatening letters was a collateral issue, and failure to go into this matter does not warrant a reversal of the judgment.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.